JOOS v AUTO-OWNERS INSURANCE COMPANY

Docket No. 78-3455. Submitted June 11, 1979, at Lansing.—Decided December 19, 1979. Leave to appeal applied for.

Gail A. Joos was one of six persons injured in an automobile collision, all of whom brought suit against the driver of the other car, Linda K. Avery, and Avery's insurer, Auto-Owners Insurance Company. Auto-Owners retained attorney William J. Drillock to represent itself and Avery. All of the plaintiffs except Joos settled prior to trial. Joos offered to settle within the remaining liability limits of Avery's insurance policy, but no settlement was made and the case proceeded to trial at which Joos received a judgment far in excess of the remaining policy limits. Joos and Avery subsequently brought an action against Auto-Owners and Drillock, alleging legal malpractice on the part of Drillock. Avery claimed that she had not learned of Joos's offer to settle until the first day of the prior trial and that on the second day of that trial, when Drillock informed her he had authority to settle and she indicated her desire to settle, Drillock refused to do so. Drillock made a motion to dismiss, on the basis that the plaintiffs had failed to offer expert testimony to establish the standard of care owed by an attorney to a client or a breach of that standard. The motion was granted and a judgment of dismissal as to Drillock was entered by the Ingham Circuit Court, Michael G. Harrison, J. Plaintiffs appeal. *Held:*

In circumstances such as those in this case an attorney has, as a matter of law, a duty to disclose and discuss with his client good faith offers to settle. The plaintiffs' allegation that Drillock breached the applicable standard of care does not require expert testimony to establish the standard of care or the breach thereof. The trial court erred by granting the motion for dismissal.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 7 Am Jur 2d, Attorneys at Law § 168.

Preparing or conducting litigation, attorney's liability for negligence in. 45 ALR 2d 5.

[2] 7 Am Jur 2d, Attorneys at Law § 93.

1. ATTORNEY AND CLIENT — LEGAL MALPRACTICE — STANDARD OF
   CARE.
   An attorney must bring to bear the skill, learning, and ability of
   the average practitioner of law when conducting legal business
   for a client; he or she must exercise ordinary care or diligence
   in the prosecution of the client's interests.

2. ATTORNEY AND CLIENT — OFFERS TO SETTLE — LEGAL MALPRACTICE
   — FAILURE TO DISCLOSE — BREACH OF STANDARD OF CARE.
   An attorney has, as a matter of law, a duty to disclose and
   discuss with his or her client good faith offers to settle; the
   failure of an attorney to disclose such information is a breach
   of the professional standard of care, proof of which does not
   require expert testimony.

*Starr & Cornell,* for plaintiffs.

*Foster, Swift, Collins & Coey, P.C.* (by *John L. Collins* and *Jonathan E. Raven),* for defendant Drillock.

Before: ALLEN, P.J., and T. M. BURNS and D. E. HOLBROOK,* JJ.

T. M. BURNS, J. Plaintiffs appeal of right a November 28, 1977, lower court order dismissing their legal malpractice action against defendant William J. Drillock on the ground that they had failed to establish through expert testimony the standard of care common to members of the legal profession. We reverse.

On January 1, 1972, plaintiff Joos was one of several passengers in an automobile that was involved in an accident with a vehicle driven by plaintiff Avery. Joos and five other passengers of the car in which she had been riding filed suit against Avery and her insurer, Auto-Owners Insurance Company. Defendant Drillock subse-

---

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

quently was retained by Auto-Owners to represent itself and Avery in that litigation.

Under her policy with Auto-Owners, Avery was insured to a maximum of $40,000 per accident and $20,000 per person. All plaintiffs except Joos settled with Avery prior to trial for sums that totalled $23,000. Although Joos offered to settle her claim within Auto-Owners' remaining liability under the policy, no settlement occurred and she proceeded to trial where she received a jury award of $65,000, exclusive of interest and costs.

Some time in April of 1977, Avery and Joos, to whom Avery had assigned a portion of her purported claim, filed the instant legal malpractice suit. At the November, 1977, trial of this cause, plaintiff Avery testified that defendant Drillock never informed her, prior to the beginning of the automobile negligence trial, that Joos had made several offers to settle within the limits of the policy. It was only on the first day of that trial that she became aware that Joos was willing to settle within the available insurance coverage.

Although she attempted to persuade defendant to settle he advised her that he could not do so because he did not have authority to settle for the amount proposed by Joos. Defendant further told her that she should put a statement on the record as to her desire to settle within the limits of the policy. Plaintiff Avery did so. Finally, Avery testified that on the second day of the prior trial, defendant advised her that he had received authority to settle. When she responded that she would like to have the case settled, defendant refused to do so because he thought he could "beat the case".

Following the completion of plaintiff Avery's testimony, plaintiffs rested their case. Defendant

moved to have plaintiffs' case dismissed on the ground that plaintiffs had failed to offer expert testimony to establish the standard of care owed by an attorney or a breach of that standard. The lower court agreed and dismissed plaintiffs' action. Plaintiffs now appeal and we reverse.

The issue presented, as to whether a plaintiff in a legal malpractice action must offer expert testimony as to the standard of care to which an attorney will be held and as to a violation of that standard, has not been addressed previously by any published Michigan authority. As a general principle, an attorney must bring to bear the skill, learning, and ability of the average practitioner of law when conducting legal business for a client. He or she must exercise ordinary care or diligence in the prosecution of the client's interests. *Babbitt v Bumpus,* 73 Mich 331; 41 NW 417; 16 Am St Rep 585 (1889), 7 Am Jur 2d, Attorneys at Law, § 168, pp 146-147.

In our attempt to resolve the issue before us, we have been guided somewhat by Michigan case law authority in the area of medical malpractice. The commonly held rule in medical malpractice cases is that expert testimony is a prerequisite to a plaintiff-patient's right to recover from either a physician or a hospital. *Bivens v Detroit Osteopathic Hospital,* 77 Mich App 478, 488; 258 NW2d 527 (1977), *rev'd on other grounds* 403 Mich 820 (1978). However, this is not an absolute principle of law devoid of exceptions.

In *Lince v Monson,* 363 Mich 135; 108 NW2d 845 (1961), the Michigan Supreme Court held that where the absence of professional medical care was so manifest that within the common knowledge and experience of ordinary laymen it could be said that the conduct was careless, a plaintiff could

maintain a medical malpractice action without the necessity of offering expert medical testimony as to the standard of care in the medical community. See also, *Haase v DePree,* 3 Mich App 337; 142 NW2d 486 (1966).

Although there is no uniformity of decision in the cases of other states that have addressed and resolved the present issue,[1] we note that certain jurisdictions have applied a rule in legal malpractice actions similar to the rule used in Michigan for medical malpractice actions.

In *Wright v Williams,* 47 Cal App 3d 802, 810; 121 Cal Rptr 194 (1975), the California Court of Appeals held:

> "While California law holds that expert testimony is admissible to establish the standard of care applicable to a lawyer in the performance of an engagement and whether he has performed to that standard * * *, it by no means clearly establishes the parameters of the necessity of expert testimony to the plaintiff's burden of proof. In some situations, at least, expert testimony is not required. * * * *In some circumstances, the failure of attorney performance may be so clear that a trier of fact may find professional negligence unaided by the testimony of experts.*" (Emphasis supplied.)

Similarly, in *Baker v Beal,* 225 NW2d 106 (Iowa, 1975), the Iowa Supreme Court recognized that some malpractice cases may present situations in which proof of negligence is so clear and obvious that a trial judge could rule as a matter of law that an attorney had not met the applicable standard of care. The Iowa court cited as an example of such obvious negligence the failure of an attorney

---

[1] See Anno: *Admissibility and Necessity of Expert Evidence as to Standards of Practice and Negligence in Malpractice Action Against Attorney,* 17 ALR3d 1442, collecting and discussing cases on this point from various jurisdictions.

to prosecute a case within the applicable statute of limitations. See also, *Central Cab Co v Clarke,* 259 Md 542; 270 A2d 662 (1970), and *Hill v Okay Construction Co, Inc,* 312 Minn 324; 252 NW2d 107 (1977).

Although proof of purported negligence arising from pretrial or trial strategy may or may not require expert testimony, plaintiffs' allegation that defendant breached the applicable standard of care when he failed to inform Avery of the offers by Joos to settle prior to trial and their allegation that he refused to settle on the second day of trial when he received authority to do so does not. We do not hesitate to hold that under the allegations of facts before us, an attorney has, as a matter of law, a duty to disclose and discuss with his or her client good faith offers to settle.[2] It is well within the ordinary knowledge and experience of a layman jury to recognize that, under facts such as those alleged in the instant case, the failure of an attorney to disclose such information is a breach of the professional standard of care.

Reversed and remanded for further proceedings consistent with this opinion. Costs to abide final outcome of this litigation.

---

[2] We express no opinion as to whether plaintiffs can prove their allegations by a preponderance of the evidence. We merely state that if they can, then they are entitled to a judgment.