JOOS v DRILLOCK

Docket No. 58977. Submitted October 14, 1982, at Lansing.—Decided
July 11, 1983. Leave to appeal applied for.

Gail A. Joos was one of six persons injured in an automobile
collision, all of whom brought suit against the driver of the
other car, Linda K. Avery, and Avery's insurer, Auto-Owners
Insurance Company. Auto-Owners retained attorney William J.
Drillock to represent itself and Avery. All of the plaintiffs
except Joos settled prior to trial. Joos offered to settle within
the remaining liability limits of Avery's insurance policy, but
no settlement was made and the case proceeded to trial at
which Joos received a judgment far in excess of the remaining
policy limits. Joos and Avery subsequently brought an action
against Auto-Owners and Drillock, alleging bad faith refusal to
settle against Auto-Owners and legal malpractice on the part of
Drillock. Avery claimed that she had not learned of Joos's offer
to settle until the first day of the prior trial and that on the
second day of that trial, when Drillock informed her he had
authority to settle and she indicated her desire to settle,
Drillock refused to do so. During the pendency of this action,
Avery executed a document purporting to partially assign her
rights against Drillock to Joos. Prior to trial the claim against
Auto-Owners was settled. A bench trial was held on the mal-
practice claims, in which the Ingham Circuit Court, Michael G.
Harrison, J., held in favor of Drillock, finding that no malprac-
tice had occurred. Plaintiffs appeal. *Held:*

1. A cause of action for legal malpractice is not subject to
assignment. Therefore, the attempted assignment to Joos of
Avery's claim against Drillock was invalid. The judgment of no
cause of action as to plaintiff Joos is affirmed.

2. The trial court erred in determining that no malpractice
occurred. An attorney has a duty, as a matter of law, to

REFERENCES FOR POINTS IN HEADNOTES

[1] 1 Am Jur 2d, Abatement, Survival, and Revival §§ 1, 57, 64, 99.
7 Am Jur 2d, Attorneys at Law § 197.
[2] 7 Am Jur 2d, Attorneys at Law § 206.
Legal malpractice in settling or failing to settle client's case. 87
ALR3d 168.

disclose and discuss with his client any good faith offers of settlement. The case must be remanded for a determination of damages, if any, incurred by plaintiff Avery because of defendant's malpractice.

Affirmed in part, reversed in part, and remanded.

1. ASSIGNMENTS — ATTORNEY AND CLIENT — LEGAL MALPRACTICE.

Generally, actions which are deemed to survive death are assignable under the common law, and a Michigan statute provides that all actions and claims survive death; however, survivability is not the only test and a cause of action for legal malpractice is not assignable because of the personal nature of the attorney-client relationship and considerations of public policy (MCL 600.2921; MSA 27A.2921).

2. ATTORNEY AND CLIENT — OFFERS OF SETTLEMENT.

An attorney has, as a matter of law, a duty to disclose and discuss with his or her client good faith offers to settle.

*H. James Starr,* for plaintiffs.

*Foster, Swift, Collins & Coey* (by *John L. Collins),* for defendant.

Before: D. E. HOLBROOK, JR., P.J., and J. H. GILLIS and M. E. DODGE,* JJ.

J. H. GILLIS, J. The question presented by this appeal is whether an action for legal malpractice may be validly assigned. We hold that it may not.

Plaintiffs commenced this action alleging that defendant had committed legal malpractice during his representation of Linda Avery in a prior lawsuit. Following a bench trial, the court found in favor of defendant. Plaintiffs appeal.

On January 1, 1972, a vehicle driven by Linda Avery collided with an automobile in which Gail Joos was a passenger. Gail Joos and several other parties in the Joos vehicle filed suit in tort against Linda Avery and Mickey Avery, the owner of the

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

automobile. The Avery vehicle was insured by Auto-Owners Insurance Company, which retained William J. Drillock, defendant herein, to represent the Averys in the lawsuit. The coverage limits of the insurance policy were $40,000 per accident and $20,000 per person.

Prior to trial of the *Joos v Avery* suit, all plaintiffs except Gail Joos settled for a total of $23,000, leaving $17,000 in available insurance benefits. The matter was tried and the jury returned a verdict in favor of Gail Joos in the amount of $65,000. Auto-Owners paid Joos the $17,000 of remaining benefits, plus interest.

Linda Avery and Mickey Avery then executed an assignment of their rights against Auto-Owners to Gail Joos. Joos thereafter commenced the present action against Auto-Owners, alleging that Auto-Owners had refused in bad faith to settle the *Joos v Avery* suit within the policy limits. Linda Avery subsequently executed a document which purported to partially assign to Gail Joos her rights against William J. Drillock.[1] An amended complaint was thereafter filed by Gail Joos and Linda Avery against Auto-Owners and William Drillock. The amended complaint repeated the allegation against Auto-Owners of a bad faith refusal to settle and, in addition, alleged that

[1] The assignment provided:

"I, Linda K. Avery, do hereby partially assign my claim for malpractice against William J. Drillock in the handling of the case against me by Gail A. Joos to Gail A. Joos, the Plaintiff, under the terms and conditions set forth in my previous assignment to Gail A. Joos wherein I assigned to her my claim against Auto-Owners' Insurance Company.

"This Assignment is intended to be a partial Assignment and to apply to the Judgment, interest, and costs of the above-named case. Linda K. Avery retains to herself her claim against William J. Drillock for his malpractice in handling the above-named case above and beyond the Judgment, interest, and costs entered against her in the above-named case."

William Drillock had committed legal malpractice in his representation of Linda Avery during the *Joos v Avery* suit. The malpractice claim involved primarily Drillock's alleged failure to notify Avery of settlement offers made by Joos, failure to settle the case within available policy limits, and failure to make proper discovery.

Prior to trial of the instant case, the claim against Auto-Owners was dismissed pursuant to a settlement in which Auto-Owners paid $46,300 to Gail Joos and $400 to Linda Avery. Following a bench trial on the malpractice claims, the court ruled in favor of defendant, finding that no malpractice had occurred.[2]

We first note that, contrary to plaintiffs' argument, the assignment issue is properly before this Court. Defendant Drillock challenged the validity of the assignment in the trial court, but the court never issued a specific ruling on the question. Under these circumstances, it was unnecessary to file a cross-appeal to bring the issue before this Court.

The assignability of a legal malpractice action is apparently a question of first impression in this state. As a general rule, actions which are deemed to survive death are assignable under the common law. *State Mutual Life Assurance Co of America v Deer Creek Park,* 612 F2d 259, 265 (CA 6, 1979); *Detroit v Bridgeport Brass Co,* 28 Mich App 54, 59, fn 5; 184 NW2d 278 (1970), *lv den* 384 Mich 828 (1971). Under MCL 600.2921; MSA 27A.2921, "[a]ll actions and claims survive death". However, survivability is not the only test. Other jurisdictions have held, for public policy reasons, that legal

---

[2] The trial court originally dismissed plaintiffs' action for failure to produce expert testimony. This Court reversed. *Joos v Auto-Owners Ins Co,* 94 Mich App 419; 288 NW2d 443 (1979), *lv den* 408 Mich 946 (1980).

malpractice actions are not assignable. This was the holding in *Goodley v Wank & Wank, Inc,* 62 Cal App 3d 389; 133 Cal Rptr 83 (1976). The California Court of Appeals based its decision on the "uniquely personal nature of legal services and the contract out of which a highly personal and confidential attorney-client relationship arises". 62 Cal App 3d 395. The court noted that an attorney's duty to his client arising out of the professional relationship is a personal one running solely to the client. Because of the inherent nature of the attorney-client relationship it has been traditionally restricted to only the parties involved. The California court cited the following public policy considerations underlying its decision:

"It is the unique quality of legal services, the personal nature of the attorney's duty to the client and the confidentiality of the attorney-client relationship that invoke public policy considerations in our conclusion that malpractice claims should not be subject to assignment. The assignment of such claims could relegate the legal malpractice action to the market place and convert it to a commodity to be exploited and transferred to economic bidders who have never had a professional relationship with the attorney and to whom the attorney has never owed a legal duty, and who have never had any prior connection with the assignor or his rights. The commercial aspect of assignability of choses in action arising out of legal malpractice is rife with probabilities that could only debase the legal profession. The almost certain end result of merchandizing such causes of action is the lucrative business of factoring malpractice claims which would encourage unjustified lawsuits against members of the legal profession, generate an increase in legal malpractice litigation, promote champerty and force attorneys to defend themselves against strangers. The endless complications and litigious intricacies arising out of such commercial activities would place an undue burden on not only the legal profession but the already overburdened judicial sys-

tem, restrict the availability of competent legal services, embarrass the attorney-client relationship and imperil the sanctity of the highly confidential and fiduciary relationship existing between attorney and client.

"* * * [T]he ever present threat of assignment and the possibility that ultimately the attorney may be confronted with the necessity of defending himself against the assignee of an irresponsible client who, because of dissatisfaction with legal services rendered and out of resentment and/or for monetary gain, has discounted a purported claim for malpractice by assigning the same, would most surely result in a selective process for carefully choosing clients thereby rendering a disservice to the public and the profession." 62 Cal App 3d 397-398.

Similar reasoning was employed in *Christison v Jones,* 83 Ill App 3d 334; 405 NE2d 8 (1980), wherein the Illinois Court of Appeals held that a legal malpractice action was not assignable and was therefore not an asset of a bankrupt's estate. The court noted that while survivability of an action is the usual test to determine assignability, it is not the sole test. Rather, the assignability of a cause of action must be based upon an analysis of the claim sought to be assigned as well as upon the public policy considerations involved. The court made the following observations concerning the dual nature of a legal malpractice cause of action:

"It is primarily a tort action for negligence based upon an attorney's failure to exercise a reasonable degree of skill and care in representing his client. *(Smiley v Manchester Ins & Indemnity Co,* 71 Ill 2d 306; 375 NE2d 118 [1978]). Yet, the duty allegedly breached in such an action arose out of the establishment of the attorney-client relationship by a contract for legal services. As we noted previously, the injuries resulting from legal malpractice are not personal inju-

ries, in the strict sense of injuries to the body, feelings or character of the client. Rather, they are pecuniary injuries to intangible property interests. While focus on these aspects of the malpractice cause of action might indicate placement of it under the class of tort actions for injury to personal property, such placement over-looks the personal nature of the relationship, with attendant duties, that exists between an attorney and client. It is a breach of those duties within the relation-ship which forms the real basis and substance of the malpractice suit.

\* \* \*

"\* \* \* We find that the personal nature of the rela-tionship and the duty imposed upon the attorney, cou-pled with public policy considerations surrounding that relationship and any potential assignability of breaches thereof (giving rise to causes of action in legal malprac-tice) lead us to conclude that the legal malpractice claim is not subject to assignment." 83 Ill App 3d 338-339.

This Court finds the reasoning set forth in *Good-ley, supra,* and *Christison, supra,* convincing. See, also, *Chafee v Smith,* 98 Nev 222; 645 P2d 966 (1982). In view of the personal nature of the attor-ney-client relationship and the public policy con-siderations discussed above, we conclude that a legal malpractice cause of action is not subject to assignment. Linda Avery's attempted assignment to Gail Joos of her legal malpractice claim against William Drillock was therefore invalid. The re-maining discussion pertains to plaintiff Linda Avery only.

In a prior agreement noted earlier in this opin-ion, Linda Avery and Mickey Avery assigned their rights against Auto-Owners to Gail Joos.[3] Since the

---

[3] Our opinion does not involve the prior assignment except to the extent the terms thereof were incorporated by reference into the subsequent assignment of Linda Avery's rights against William Dril-lock.

terms of that assignment effectively released Linda Avery from liability on the excess judgment, *i.e.,* the amount by which the *Joos v Avery* judgment exceeded the available policy limits,[4] the amount of the excess judgment plainly does not constitute damages recoverable by plaintiff Avery.

However, Avery has alleged that defendant Drillock's malpractice resulted in damages to her above and beyond the excess judgment. It is therefore necessary to review the trial court's findings regarding the malpractice issue.

In the previous appeal of this case, a panel of this Court stated:

"We do not hesitate to hold that under the allegations of facts before us, an attorney has, as a matter of law, a duty to disclose and discuss with his or her client good faith offers to settle."[2]

[2] We express no opinion as to whether plaintiffs can prove their allegations by a preponderance of the evidence. We merely state that if they can, then they are entitled to a judgment." *Joos v Auto-Owners Ins Co,* 94 Mich App 419, 424; 288 NW2d 443 (1979), *lv den* 408 Mich 946 (1980).

Upon a careful review of the record and briefs, we hold that the trial court clearly erred in determining that no malpractice occurred. Plaintiffs established by a preponderance of the evidence that defendant breached his duty to disclose and discuss settlement offers with Avery. The case is

[4] The assignment provided in part:

"It is agreed that the said Plaintiff will pursue the claim of the Defendants against Auto-Owner's for their failure to settle said case, and that the Plaintiff will make no attempt to execute against the said Defendants or either of them personally other than pursuing the claim against Auto-Owners until a settlement or final adjudication of said claim is made. At the termination of the litigation against Auto-Owner's Insurance Company, irrespective of the outcome of said litigation, the Plaintiff shall execute a total and final release of the said Defendants, Linda K. Avery and Mickey Avery if the Defendants have complied with the terms of this agreement."

therefore remanded to the trial court for a determination of the amount of damages, if any, incurred by plaintiff Avery as a proximate result of defendant's malpractice.

The judgment of no cause of action as to plaintiff Gail Joos is affirmed for the reasons stated herein. The judgment as to plaintiff Linda Avery is reversed and the case is remanded for a determination of damages, if any. Affirmed in part, reversed in part, and remanded. No costs, neither party having prevailed in full.