MOORHOUSE v AMBASSADOR INSURANCE COMPANY, INC

Docket No. 78248. Submitted May 8, 1985, at Lansing.—Decided December 2, 1985. Leave to appeal applied for.

Fred Moorhouse, an iron worker, was injured in a fall at a construction site. He and his wife, Betty, filed suit against Gerald G. Loudon, doing business as Gerald G. Loudon Company, and others in Genesee Circuit Court alleging negligence. The summons and complaint were served on Loudon, who forwarded them to Randy Ames, his insurance agent at Ames Agency. Ames Agency sent the summons and complaint to Burns & Wilcox, Ltd., a general insurance agency through which Ames had obtained the insurance coverage with Ambassador Insurance Company, Inc. Burns & Wilcox, Ltd., then forwarded the summons and complaint to Alan Jay Kaufman, an attorney at the Kaufman & Friedman, P.C., law firm, which was their custom in all matters involving Ambassador Insurance Company. By the time Kaufman received the summons and complaint, the time period for filing an answer to the complaint had expired. Kaufman requested and received two extensions of time for filing an answer to the complaint, but Ambassador allegedly instructed Kaufman not to answer the complaint due to lack of coverage and indicated that it, Ambassador, would notify Loudon that he was without coverage. An order of default was entered against Loudon and a copy was sent to Kaufman. Kaufman neither responded nor moved to set aside the default, and failed to notify Loudon. A default judgment was entered against Loudon for $660,000, plus interest and costs. According to Loudon, Ambassador never informed him of its position that he had no coverage until the default had already been entered against him. Because Loudon was

REFERENCES

Am Jur 2d, Appeal and Error §§ 300, 728, 729.

Am Jur 2d, Attorneys at Law §§ 197 et seq.

Am Jur 2d, Courts §§ 183 et seq.

Am Jur 2d, Pleadings §§ 306 et seq.

Assignability of claim for legal malpractice. 40 ALR4th 684.

Prospective or retroactive operation of overruling decision. 10 ALR3d 1371.

nearly bankrupt, the Moorhouses accepted an assignment of Loudon's causes of action against Ambassador Insurance Company, Inc.; Burns & Wilcox, Ltd.; Ames Agency; Randy Ames individually; Kaufman & Friedman, P.C., Alan Jay Kaufman, P.C., and Alan Jay Kaufman individually (collectively referred to hereafter as Kaufman), and filed suit, as assignees of Gerald G. Loudon, individually and doing business as Gerald G. Loudon Company, against those parties in Genesee Circuit Court. Kaufman answered those counts of the complaint alleging negligence on the part of Kaufman stating several affirmative defenses. Kaufman then filed two motions for summary judgment, one for failure to state a claim upon which relief could be granted and the other on the ground that there was no genuine issue as to any material fact. The court, Thomas C. Yeotis, J., granted summary judgment in favor of Kaufman, finding that plaintiffs had failed to state a cause of action upon which relief could be granted. The court indicated that summary judgment had been granted in favor of Kaufman because causes of action for legal malpractice are not assignable. Plaintiffs appealed. *Held:*

1. Legal malpractice causes of action are no longer assignable in Michigan.

2. The failure to initially plead the invalidity of the assignment as an affirmative defense did not waive the issue. Affirmative defenses may be added by amendment without waiving them, and Kaufman raised the defense as soon as it became legally available.

3. The rule that legal malpractice causes of action are not assignable in Michigan was handed down in a Court of Appeals case released on July 11, 1983. That rule became binding precedent on September 26, 1984, when the Supreme Court denied leave to appeal in the case. The new rule carved a very narrow exception to the well-established rule that all legitimate causes of action are assignable. The new rule therefore is entitled to prospective application only. The trial court erroneously applied the new rule retroactively in this case since the assignment at issue was formally accepted by plaintiffs on April 27, 1982. The finding that plaintiffs failed to state a claim upon which relief could be granted is reversed and the case is remanded for further proceedings.

4. Plaintiffs' contention that summary judgment should have been denied because plaintiffs alleged that defendants were negligent beyond the parameters of the attorney-client relationship is without merit.

Reversed and remanded.

1. Courts — Court of Appeals — Opinions — Precedent.

A trial court is constrained to follow a decision by any panel of the Court of Appeals unless it is contradicted by another panel or overruled by the Supreme Court.

2. Courts — Court of Appeals — Opinions — Precedent.

One panel of the Court of Appeals is not bound to follow the opinion of another panel of the same Court on any question of law, although the normal practice is to follow another panel's opinion unless cogent reason appears for not doing so.

3. Assignments — Actions — Legal Malpractice.

Legal malpractice causes of action are not assignable in Michigan because of the personal nature of the attorney-client relationship and considerations of public policy.

4. Actions — Pleading — Defenses — Affirmative Defenses — Amendment of Pleadings.

Affirmative defenses may be added to a responsive pleading by timely amendment where they become legally available after the expiration of the normal time limit for raising existing defenses.

5. Courts — Appellate Decisions — Retroactivity.

The general rule in Michian is that decisions of appellate courts are to be given full retroactivity unless limited retroactivity is justified; however, retroactive application of a decision may be withheld entirely where it would have a harsh effect because of reliance upon the old rule.

6. Assignments — Actions — Legal Malpractice.

Legal malpractice claims arising after July 11, 1983, the release date of the Court of Appeals decision in *Joos v Drillock*, 127 Mich App 99; 338 NW2d 736 (1983), *lv den* 419 Mich 935 (1984), are not assignable.

*Cicinelli, Mossner, Majoros & Alexander, P.C.* (by *Eugene D. Mossner*), for plaintiffs.

*Kaufman & Payton* (by *Ronald Y. Gutman*), for defendant.

Before: R. B. Burns, P.J., and Bronson and R. L. Tahvonen,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

R. L. TAHVONEN, J. Plaintiffs Fred and Betty Moorhouse bring this appeal as of right from a circuit court order granting summary judgment in favor of defendants Kaufman & Friedman, P.C., Alan Jay Kaufman, P.C. and Alan Jay Kaufman (hereinafter Kaufman). We reverse and remand.

Fred Moorhouse was injured in a construction site accident in November, 1978. Consequently Fred and Betty Moorhouse filed a personal injury suit in July, 1980, against Gerald G. Loudon, doing business as Gerald G. Loudon Company (Loudon), and others in circuit court. Loudon's insurer was Ambassador Insurance Company, Inc.

Loudon was served with summons and complaint on July 31, 1980. Loudon, believing that his policy with Ambassador Insurance Company provided him insurance coverage, forwarded the summons and complaint to Ambassador through his insurance agent at the Ames Agency. Burns & Wilcox, Ltd., a general insurance agency, received the summons and complaint from the Ames Agency on September 9, 1980. By then, the time period for filing Loudon's answer to the complaint had expired. By September 16, 1980, the summons and complaint were routed to defendant Kaufman at his law firm, Kaufman & Friedman, P.C.

Kaufman requested and received two extensions of time for filing an answer to the complaint against Loudon. According to Kaufman, Ambassador instructed Kaufman not to answer the complaint due to lack of coverage, and indicated that Ambassador would notify Loudon that he was without coverage. An order of default was entered against Loudon on December 1, 1980, and a copy was sent to Kaufman. Kaufman did not respond or move to set aside the default, and failed to notify Loudon. On April 30, 1982, a default judgment was entered against Loudon for $660,000, plus interest

and costs. Loudon claims Ambassador never informed or advised him of its position that he had no coverage until the default had already been entered against him.

Because Loudon was nearly bankrupt, plaintiffs accepted an assignment of Loudon's causes of action against all the named defendants. Plaintiffs sued Ambassador Insurance Company, Inc.; Burns & Wilcox, Ltd.; Ames Agency; Randy Ames; Kaufman & Friedman, P.C.; Alan Jay Kaufman, P.C.; and Alan Jay Kaufman, individually, on July 28, 1982. Count IV of plaintiffs' complaint sets forth allegations in regard to defendants Alan Jay Kaufman, Alan Jay Kaufman, P.C., and Kaufman & Friedman, P.C. All of those allegations refer to Kaufman's negligence in failing to answer plaintiffs' original complaint, in failing to inform Loudon of the default, in failing to attempt to set aside the order of default, and in failing to advise Loudon of the insurance coverage dispute. It was alleged that Kaufman owed Loudon specific duties in his capacity as an attorney which were breached. Kaufman answered the complaint, stating several affirmative defenses. A claim that the assignment was invalid was not among them.

Kaufman filed a motion for summary judgment in June, 1983, based upon GCR 1963, 117.2(3), and another motion for summary judgment in October, 1983, based upon GCR 1963, 117.2(1). Both these motions were taken under advisement. In January, 1984, a second hearing was held on the first motion for summary judgment; the matter was again taken under advisement. In March, 1984, the lower court entered its opinion on both motions for summary judgement, granting the second motion based on subrule 1. In its denial of a motion for rehearing, the court specifically indicated that summary judgment had been granted

because causes of action for legal malpractice are not assignable, and on this basis the motion for summary judgment had been granted. The counts of plaintiffs' complaint alleging negligence on the part of Kaufman were dismissed with prejudice.

## I

Plaintiffs' first contention on appeal is that, contrary to the holding of *Joos v Drillock,* 127 Mich App 99; 338 NW2d 736 (1983), *lv den* 419 Mich 935 (1984), causes of action for legal malpractice in Michigan ought to be assignable. We disagree. *Joos* held that a legal malpractice cause of action is not assignable in Michigan. A trial judge is constrained to follow a decision by any panel of this Court unless it is contradicted by another panel or overruled by the Supreme Court. *Tebo v Havlik,* 418 Mich 350, 362; 343 NW2d 181 (1984), *reh den* 419 Mich 1201 (1984); *In the Matter of Hague,* 412 Mich 532, 552; 315 NW2d 524 (1982), *reh den* 413 Mich 1106 (1982). While we are not bound to follow the opinion of another panel of this Court, we normally do so unless cogent reason appears for not doing so. *People v Waxman,* 41 Mich App 277, 280; 199 NW2d 884 (1972), *rev'd on other grounds* 388 Mich 774 (1972).

*Joos* is a well-reasoned decision with which we agree. In it, the Court carefully analyzed the policy considerations attendant to the issue of whether a legal malpractice action ought to be assignable. The Court concluded that a legal malpractice action is not assignable because of the personal nature of the attorney-client relationship and because assignment of such claims would relegate the legal malpractice action to the marketplace, which would encourage unjustified suits, increase legal malpractice litigation, and force

attorneys to defend themselves against strangers. 127 Mich App 103. We decline to hold that *Joos* was wrongly decided.

Plaintiffs try to distinguish the situation here from that in *Joos* by claiming that no close, personal relationship between Loudon, the client, and Kaufman, the attorney, existed and that the entire *Joos* decision hinged on just such a close, personal relationship. We do not think the distinction is as critical as plaintiffs believe it to be. *Joos* did not hold that legal malpractice claims are nonassignable only where the attorney and client had a close personal relationship. Attorney-client relationships vary and we do not think the degree of closeness of the relationship is of paramount concern. If it were, we would be left to the impossible task of dissecting the closeness of an attorney-client relationship in evaluating the validity of every assignment of a cause of action for legal malpractice.

## II

Plaintiffs next assert that the invalidity of the assignment should have been raised as an affirmative defense or in a motion for accelerated judgement, since defendants were really claiming in their motion for summary judgment that plaintiffs lacked legal capacity to sue. We disagree.

Defendants first raised the invalidity of the assignment in their second motion for summary judgment, premised on subdivision 1 of the former summary judgment rule. Plaintiffs are incorrect that this claim should have been raised as a motion for accelerated judgment under GCR 1963, 116.1(3) or (5). Subdivision 5 of that rule is inapplicable to the present situation because defendants did not claim that plaintiffs assigned a claim or made some other disposition of it before com-

mencement of the action. Rather, defendants claim that plaintiffs did not validly receive the claim by assignment. Moreover, subdivision 3 does not apply because defendants do not contest plaintiff's "legal capacity to sue".[1]

Plaintiffs also argue that the claim of invalid assignment is an affirmative defense which should have been asserted in defendants' answer under GCR 1963, 111.7. The invalidity of the assignment may well have been an affirmative defense under the portion of the rule that covers "any defense which by reason of other affirmative matter seeks to avoid the legal effect or defeat the claim set forth in plaintiff's complaint in whole or in part * * *". An invalid assignment would be a defense to plaintiffs' claims. But more importantly, defendants could never have raised the invalidity of the assignment in their answer. Plaintiffs ignore the reality that defendants could not have raised this claim until a year and some months after the date the litigation was commenced. *Joos* was decided in' July, 1983, and defendants' motion for summary judgment based upon the *Joos* defense was filed in October, 1983. Thus defendants could not have claimed it as an affirmative defense in their answer to plaintiffs' complaint. Just as affirmative defenses may be added by amendment without waiving them, *Pryber v Marriott Corp,* 98 Mich App 50, 53; 296 NW2d 597 (1980), *aff'd* 411 Mich 887 (1981), it makes sense to allow them to be raised when they become legally available.

---

[1] Lack of "capacity to sue" refers to some legal disability, such as infancy or mental incompetency, which deprives a party of the right to come into court. See *Keehn v Joseph C Mackey & Co,* 420 So 2d 398, 399, n 1 (Fla App, 1982); *Oakland Municipal Improvement League v City of Oakland,* 23 Cal App 3d 165, 170; 100 Cal Rptr 29, 32 (1972); *Ascher Corp v Horvath,* 35 Misc 2d 375, 376; 231 NYS2d 676, 678 (1962); see generally 59 Am Jur 2d, Parties, § 31, p 386. "Capacity to sue" does not speak to whether the party has a cause of action or not. 59 Am Jur 2d, Parties, § 31, p 386.

Moreover, we cannot quarrel with the posture in which the defense was raised. GCR 1963, 117.2(1) was formerly the vehicle for asserting that a party had failed to state a claim upon which relief could be granted. This was a proper way to raise the *Joos* issue. No new facts were raised in the motion which would have surprised plaintiffs. Additionally, Kaufman's original enumeration of affirmative defenses stated that plaintiff had failed to state a claim upon which relief could be granted. Given that defendants moved in a timely manner once *Joos* was decided, Kaufman's failure initially to plead the invalidity of the assignment as an affirmative defense did not waive the issue.

### III

We next decide whether the lower court properly applied *Joos, supra,* retroactively to plaintiffs' assignment. We note that this issue was raised but not ruled upon in the lower court. As plaintiffs' claim is substantial, we will consider it.

The assignment at issue was formally accepted by plaintiffs on April 27, 1982, over one year before our decision in *Joos* was announced, and over two years before leave to appeal the *Joos* decision was denied by our Supreme Court. Thus, *Joos* was not binding precedent until September 26, 1984. See *People v Phillips,* 416 Mich 63, 74-75; 330 NW2d 366 (1982). The instant suit was filed in the Genesee County Circuit Court on July 28, 1982.

As we recently stated in *Faigenbaum v Oakland Medical Center,* 143 Mich App 303, 312-313; 373 NW2d 161 (1985):

"The general rule in Michigan is that decisions of appellate courts are to be given full retroactivity unless

limited retroactivity is justifed. See *King v General Motors Corp,* 136 Mich App 301, 306; 356 NW2d 626 (1984); see generally, Moody, *Retroactive Application of Law-Changing Decisions in Michigan,* 28 Wayne L Rev 439, 508 (1981); see also *Tebo v Havlik,* 418 Mich 350, 360-361, 369; 343 NW2d 181 (1984), *reh den* 419 Mich 1201 (1984); *Murray v Beyer Memorial Hospital,* 409 Mich 217, 222-223; 293 NW2d 341 (1980), and *Myers v Genesee County Auditor,* 375 Mich 1, 11; 133 NW2d 190 (1965).

"The following considerations are pertinent to the issue of whether *Ross* should be given full retroactivity, limited retroactivity, or prospectivity only: (1) the purpose of the new rule, (2) the general reliance upon the old rule, and (3) the effect of full retroactive application of the new rule on the administration of justice. *King, supra,* p 306; 28 Wayne L Rev p 462; see also Anno, 10 ALR3d 1371, 1386."

Retroactive application of a decision may be withheld entirely where it would have a harsh effect because of reliance upon the old rule. *Tebo v Havlik, supra.*

Based upon the above considerations, we believe that this is a case where the new rule of law should be given prospective application only. We hold, therefore, that *Joos* applies only to assignments of legal malpractice claims made after its release date of July 11, 1983. It must be recognized that the *Joos* decision announced a new rule of law which carved a very narrow exception to the well-established rule that all legitimate causes of action are assignable. See 3 Michigan Law & Practice, Assignments, § 16, p 14. Unlike the law of governmental immunity, where there was little reliance on the old rule and it was common knowledge within the bar that a new clarifying opinion was imminent, there was nothing about the law of assignments generally or assignments of legal malpractice claims in particular which would have

forewarned plaintiffs that the *Joos* exception was forthcoming. It is essential to the administration of our legal system that practitioners be able to rely upon well-established legal principles when advising their clients, and it is unlikely that plaintiffs would have accepted the instant assignment were they not relying upon the old rule.

We must, therefore, reverse the lower court's finding that plaintiffs failed to state a claim upon which relief could be granted and remand for further proceedings consistent with this opinion.

## IV

Finally, we consider plaintiffs' assertion that summary judgment should have been denied because plaintiffs alleged defendants were negligent outside the parameters of their attorney-client relationship with Loudon. Plaintiffs posited in the lower court that they could recover against the defendant attorneys in the absence of an attorney-client relationship between Loudon and Kaufman. They theorized that, as Loudon suffered injury as a result of the negligence of defendant Kaufman, he could recover and summary judgment should have been denied. We note that the only allegations plaintiffs raised in their complaint concerned Kaufman's negligent acts within the attorney-client relationship. As plaintiffs' complaint states only a legal malpractice cause of action, only the allegations in the complaint could be considered in the motion for summary judgment under GCR 1963, 117.2(1), which tests the legal sufficiency of the claim as determined from the pleadings alone. Therefore, we find no merit to plaintiffs' contention that summary judgment should have been denied because plaintiffs alleged defendants were negligent beyond the parameters of the attorney-client relationship.

Reversed and remanded for proceedings consistent with this opinion.