## WESTON v DOWTY

Docket No. 93629. Submitted August 3, 1987, at Detroit. Decided September 21, 1987.

Ella Sharpe was injured when she slipped and fell at the home of Cornelius M. and Jacquette B. Weston. Sharpe brought an action against the Westons, who retained Stuart N. Dowty and Lawrence A. Schlussel to represent them. A default was entered against the Westons on the issue of liability as a result of failure to comply with discovery orders. A consent judgment in the amount of $200,000 was entered against the Westons whereby they agreed to pay Sharpe $9,000, to file a legal malpractice action against Dowty and Schlussel and to give her any recovery, less costs and attorney fees. The Westons brought a malpractice action against Dowty and Schlussel in the Wayne Circuit Court. The court, James A. Hathaway, J., granted partial summary disposition dismissing plaintiffs' claims except as to the $9,000 and costs. Plaintiffs appealed.

The Court of Appeals *held*:

1. Legal malpractice causes of action are not assignable.

2. An assignment is a transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein. To constitute a valid assignment there must be a perfected transaction between the parties which is intended to vest in the assignee a present right in the thing assigned. The consent judgment did not constitute an assignment.

3. A real party in interest is one who is vested with the right of action on a given claim regardless of who has the beneficial interest. Plaintiffs are the real parties in interest.

Reversed and remanded.

1. ASSIGNMENTS — WORDS AND PHRASES.

An assignment is a transfer or making over to another of the

REFERENCES

Am Jur 2d, Assignments §§ 1 *et seq.*; 27 *et seq.*

Assignability of claim for legal malpractice. 40 ALR4th 684.

See also the annotations in the Index to Annotations under Assignments.

whole of any property, real or personal, in possession or in action, or of any estate or right therein; to constitute a valid assignment there must be a perfected transaction between the parties which is intended to vest in the assignee a present right in the thing assigned.

2. ACTIONS — REAL PARTY IN INTEREST — COURT RULES.

An action may only be prosecuted in the name of the real party in interest; a real party in interest is one who is vested with the right of action on a given claim regardless of who has the beneficial interest (MCR 2.201[B]).

*Clifford R. Williams,* for plaintiff.

*Collins, Einhorn & Farrell, P.C.* (by *Dale J. McLellan* and *Noreen L. Slank*), for defendants.

Before: SHEPHERD, P.J., and HOOD and T. M. BURNS,* JJ.

HOOD, J. Plaintiffs appeal as of right from an order partially granting defendants' motion for summary disposition and dismissing plaintiffs' legal malpractice case against defendants except as to certain costs incurred by plaintiffs.

On or about August 21, 1981, Ella Sharpe was injured as a result of a slip and fall at a home owned by plaintiffs in Detroit. Sharpe brought suit against plaintiffs for negligent maintenance of the premises. Plaintiffs retained defendants to defend them in that action. On February 26, 1985, a default was entered against plaintiffs for failure to comply with discovery orders. As a result, plaintiffs were foreclosed from defending on the issue of liability for Sharpe's injury, and trial was to be held on the issue of damages only. Sharpe and plaintiffs then entered into a consent judgment in the amount of $200,000. According to the consent judgment, plaintiffs agreed to pay to Sharpe $5,000

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

upon entry of the consent judgment, and an additional $4,000 within one year. In addition, plaintiffs agreed to file a legal malpractice action against defendants and to give any monies received as damages in that suit to Sharpe, less costs and attorney fees. This last provision of the consent judgment read:

> As a [sic] additional consideration for the Two Hundred Thousand ($200,000.00) Consent Judgment, it is further consented that defendants will institute an action against the defendants [sic] former attorney, Mr. Stuart N. Dowty and his law office for malpractice and further, defendants shall have all costs and attorney fees reimbursed from said action, the case number being [81 33218 NO]; and further consent to assign any and all valuable considerations and/or monies that may be received from that action less their costs in attorney fees sustained in the above captioned case and that said funds will be assigned to the plaintiff and her attorney Alvin C. Sallen;

Sharpe agreed to sign a covenant not to sue plaintiffs for any amount above the $9,000 cash payments.

On February 3, 1986, plaintiffs instituted the instant legal malpractice action against defendants. In response, defendants filed a motion for summary disposition pursuant to MCR 2.116(C)(10), on the ground that there was no genuine issue of material fact and they were entitled to judgment as a matter of law. Defendants alleged that plaintiffs' assignment of the proceeds of the malpractice action to Sharpe constituted an assignment of the action to Sharpe in violation of Michigan law, and that, therefore, the legal malpractice suit should be dismissed. After a brief hearing on the matter, the trial court ordered partial summary disposition under MCR 2.604(A),

foreclosing all claims by plaintiffs against defendants except those for plaintiffs' out-of-pocket damages, including costs, attorney fees, and the $9,000 already paid to Sharpe. From that order, plaintiffs appeal and defendants cross-appeal.

On appeal, plaintiffs claim that the trial court erred in finding that they assigned their legal malpractice claim to Sharpe, warranting dismissal of the action except as to plaintiffs' costs, attorney fees, and the $9,000 already paid to Sharpe. We agree, and therefore reverse the trial court.

The rule that legal malpractice actions are not assignable in Michigan has been set forth in two cases. In *Joos v Drillock,* 127 Mich App 99; 338 NW2d 736 (1983), lv den 419 Mich 935 (1984), the assignor executed a document to the assignee stating: "I, Linda K. Avery, do hereby partially assign *my claim for malpractice* against William J. Drillock in the handling of the case against me by Gail A. Joos to Gail A. Joos, the Plaintiff. . . ." *Joos, supra,* p 101, n 1. We held that, although generally all actions which survive death are assignable, due to the unique nature of legal malpractice actions public policy dictates that they not be assignable. *Joos, supra,* p 105. In *Moorhouse v Ambassador Ins Co, Inc,* 147 Mich App 412; 383 NW2d 219 (1985), lv den 425 Mich 856 (1986), we reaffirmed our *Joos* holding in the face of another challenge to the rule. *Moorhouse, supra,* pp 417-418. In *Moorhouse,* the defendant in the underlying action assigned to the plaintiffs the "causes of action" against the attorneys. *Moorhouse, supra,* p 416. In both *Joos* and *Moorhouse,* the assignees, rather than the assignors, brought the suit against the attorney.

In the instant case, plaintiffs did not assign the claim or cause of action to Sharpe. Plaintiffs merely agreed to give Sharpe any proceeds recov-

ered. An assignment is defined as "[a] transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein." Black's Law Dictionary (4th ed), p 153. To constitute a valid assignment there must be a perfected transaction between the parties which is intended to vest in the assignee a present right in the thing assigned. *Id.* As stated in Calamari & Perillo, Contracts (2d ed), § 18-3, pp 633-634:

> [A] promise to pay money when the promisor receives it from a specified source is not an assignment. There is no present transfer. So also a promise to assign or to pay out of a specified existing fund in the hands of the promisor does not result in an assignment.

Since plaintiffs agreed to assign only a portion of their recovery, if any, from the malpractice suit, and since they did not specifically assign the claim or cause of action to Sharpe, we conclude that no assignment of a legal malpractice action occurred. Furthermore, Sharpe did not bring the suit against defendants, as the assignees did in *Joos* and *Moorhouse.* Rather, plaintiffs themselves brought the suit.

Defendants argue that Sharpe was the real party in interest since, because of the consent judgment, only she stood to gain if plaintiffs were successful in their suit against defendants. It is true that an action can only be prosecuted in the name of the real party in interest. MCR 2.201(B); MCL 600.2041; MSA 27A.2041. A real party in interest is one who is vested with the right of action on a given claim, although the beneficial interest may be in another. *Stephenson v Golden,* 279 Mich 710, 766; 276 NW2d 849 (1937). In the

instant case, plaintiffs, not Sharpe, are the real parties in interest. Plaintiffs contracted for defendants' services, and suffered the loss. Any duty owed by defendants was to plaintiffs. It is irrelevant to the determination of the real party in interest that plaintiffs attempted to reduce their damages through entering a consent judgment with Sharpe. Plaintiffs were the real party in interest although, under the terms of the consent judgment, Sharpe obtained a beneficial interest in the lawsuit. Cf. *DeJong v B F Goodrich, Inc,* 96 Mich App 36, 42; 292 NW2d 157 (1980).

We note that, even if there had been an invalid assignment, this would not warrant dismissal of the lawsuit. Instead, the assignment would be void, but the underlying action would survive. See *Joos, supra,* pp 105-107. Thus, the trial court erred in granting partial summary disposition in favor of defendants and in dismissing plaintiffs' complaint against defendants except as to plaintiffs' out-of-pocket costs and attorney fees.

Our resolution of this case on this issue makes it unnecessary to discuss defendants' claim on cross-appeal that the trial court erred in allowing plaintiffs' action to continue as to the $9,000 already paid to Sharpe.

The decision of the trial court is reversed, and the case remanded to the trial court for reinstatement of plaintiffs' complaint against defendants.