# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

---

**No. 22-7143**

**September Term, 2022**

FILED ON: MAY 16, 2023

JAY KRUISE, APPELLANT

v.

PAUL VICTOR JORGENSEN, APPELLEE

---

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00049)

---

Before: KATSAS, RAO, and PAN, *Circuit Judges*.

## J U D G M E N T

This appeal was considered on the record from the district court and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* Fed. R. App. P. 36; D.C. Cir. R. 36(d). For the reasons stated below, it is:

**ORDERED** that the district court's judgment be **AFFIRMED**.

Jay Kruise sued his former attorney, Paul Jorgensen, for legal malpractice and several tort and contract claims. All of Kruise's claims flow from Jorgensen's allegedly deficient performance as Kruise's attorney. The district court granted summary judgment to Jorgensen because Kruise did not present competent evidence to establish the governing standards of care. We affirm.

Kruise retained Jorgensen to pursue claims that the Army revoked his security clearance and suspended him for discriminatory reasons. During administrative proceedings, the Army offered to settle for $200,000. Kruise alleges that Jorgensen failed to relay the offer as soon as it was made. But Kruise learned about it the next day, during a telephone conference before an administrative judge. After consulting with Jorgensen, Kruise rejected the offer and instructed Jorgensen to sue in federal court.

Hoping to take advantage of a seemingly favorable precedent from this Court, Jorgensen filed in the District of Columbia. Ordinarily, courts cannot review employment actions based on the revocation of an employee's security clearance. *Dep't of the Navy v. Egan*, 484 U.S. 518 (1988). But in *Rattigan v. Holder*, 689 F.3d 764 (D.C. Cir. 2012), this Court held that *Egan* does not preclude review of employment decisions made by officials who are not ultimately responsible for clearance determinations. In Jorgensen's view, *Rattigan* allowed for Kruise's lawsuit.

This strategy proved unsuccessful. The district court held that venue was improper and transferred the case to the Eastern District of Virginia. That court declined to follow *Rattigan* and dismissed the case based on *Egan*. *Kruise v. Fanning*, 214 F. Supp. 3d 520, 526–27 (E.D. Va. 2016). The Fourth Circuit affirmed. *Kruise v. Speer*, 693 F. App'x 213 (4th Cir. 2017) (per curiam).

Then came this lawsuit. Kruise sued Jorgensen and alleged that he: (1) committed malpractice by filing in the wrong venue; (2) breached his representation agreement by failing to meet the minimum standard of care for attorneys; (3) breached the covenant of good faith and fair dealing by charging excessive fees; (4) breached his fiduciary duty by not promptly disclosing the settlement offer, advising Kruise to reject it, and charging excessive fees; and (5) negligently misrepresented Kruise's chances of success in court. The district court granted summary judgment to Jorgensen because Kruise presented no expert evidence that Jorgensen's performance fell below the relevant standards of care.

We affirm on the same ground. Start with the legal malpractice claim, which requires proof that the attorney breached a professional duty of care. *Herbin v. Hoeffel*, 806 A.2d 186, 194–95 (D.C. 2002). Such proof requires expert evidence unless "the attorney's lack of care and skill is so obvious that the trier of fact can find negligence as a matter of common knowledge." *O'Neil v. Bergan*, 452 A.2d 337, 341 (D.C. 1982). This narrow exception covers obvious errors such as missing a filing deadline or permitting entry of an adverse default judgment. *Id.* at 342. Here, Kruise alleges that Jorgensen committed malpractice by filing in the wrong venue. But the question whether Jorgensen's venue choice amounts to malpractice falls well outside a lay jury's common knowledge, particularly given his tactical reason for that choice.

Kruise's other claims face the same problem. Their essence is that Jorgensen breached standards of care by failing to promptly relay a settlement offer, giving bad advice about it, and charging excessive fees. Because these are malpractice claims repackaged in tort or contract terms, the same professional standards of care govern. *O'Neil*, 452 A.2d at 343. But again, Kruise presented no expert evidence about the relevant standards or their breach, and a lay jury could not ascertain these issues through its common knowledge. For example, evaluating Jorgensen's assessment of the settlement offer, which depended on Kruise's chances in litigation, is beyond a lay jury's common knowledge. So is evaluating whether Jorgensen charged excessive fees.

Kruise highlights Jorgensen's fees and his failure to immediately relay the settlement offer. According to Kruise, if Jorgensen billed him for time not spent working on the case, then a jury could find a breach of the contractual duty of good faith and fair dealing without expert evidence. But Kruise presented no evidence that Jorgensen billed him for such time. Kruise further notes

2

that courts have applied the common-knowledge exception when attorneys fail to inform clients about settlement offers. But he invokes cases where the attorney failed to inform a client about a settlement offer while it remained outstanding. *See Carranza v. Fraas*, 763 F. Supp. 2d 113, 117, 124 (D.D.C. 2011); *Sommers v. McKinney*, 670 A.2d 99, 102 (N.J. App. 1996); *Joos v. Auto-Owners Ins. Co.*, 288 N.W.2d 443, 444 (Mich. App. 1979). Here, in contrast, Kruise learned about the settlement offer at most one day after the Army made it, and he then discussed it with Jorgensen before rejecting it.

In sum, Kruise failed to proffer expert evidence to substantiate his claims, and none of them falls within the common-knowledge exception. The district court thus correctly granted summary judgment to Jorgensen.

One loose end demands our attention. Federal Rule of Appellate Procedure 30(c) establishes rules for deferring the filing of a joint appendix until after the parties have filed their principal merits briefs. When this procedure is invoked, the parties must file final briefs replacing record citations with citations to the joint appendix. In doing so, a party may correct typographical errors, but "no other changes may be made to the brief." Fed. R. App. P. 30(c)(2)(B). In this appeal, Kruise's attorney violated this rule by adding some fifteen pages of new material to his final opening brief. Representing himself, Jorgensen detailed the extent of this violation in a motion for sanctions.

We may impose appropriate sanctions for violations of the Federal Rules of Appellate Procedure. D.C. Cir. R. 38. Given the egregious nature of the violation here, we grant the motion for sanctions, and we order Kruise's attorney to pay Jorgensen $2,500 as compensation for the reasonable cost of Jorgensen's time and expenses in preparing the sanctions motion. The payment shall be made within two weeks of the date of this judgment.[1]

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* Fed. R. App. P. 41(b); D.C. Cir. R. 41(a)(1).

### Per Curiam

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

---

[1] In all other respects, Jorgensen's pending motion is denied.