*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

EVELYN D. BROWN and MICHAEL D. BROWN,

      Plaintiffs-Appellants,

v

AJAX MORTGAGE LOAN TRUST 2021-A, by
U.S. BANK, N.A., as Indenture Trustee,

      Defendant-Appellee.

UNPUBLISHED
March 11, 2026
12:12 PM

No. 373853
Wayne Circuit Court
LC No. 24-011896-CH

Before: KOROBKIN, P.J., and YATES and FEENEY, JJ.

PER CURIAM.

Plaintiffs, Evelyn and Michael Brown, owned a house that was the subject of a foreclosure sale. Plaintiffs filed this action for wrongful foreclosure against defendant, Ajax Mortgage Loan Trust 2021-A, by U.S. Bank, N.A., which received a sheriff's deed to the property. The trial court awarded summary disposition to defendant under MCR 2.116(C)(5) (lack of legal capacity to sue) and (10) (no genuine issue of material fact), and plaintiff now appeals of right. We affirm.

## I. FACTUAL BACKGROUND

Plaintiffs owned a house in Brownstown Township. On October 27, 2006, they executed a mortgage in the amount of $205,625.14 in favor of Citifinancial, Inc. Plaintiffs defaulted on the mortgage, and on January 11, 2024, a sheriff's deed was issued to defendant. Six months later, on July 11, 2024, the statutory redemption period expired.

On August 15, 2024, plaintiffs sued defendant, alleging wrongful foreclosure under MCL 600.3204. Defendant responded by filing a motion for summary disposition, which the trial court granted pursuant to MCR 2.116(C)(5) and (10), reasoning that once the redemption period expired, the mortgagors' rights were extinguished. The parties agree that plaintiffs' statutory redemption period expired on July 11, 2024. Further, plaintiffs did not try to redeem the property, and the suit was not filed until August 15, 2024. Thus, the trial court ruled from the bench on November 20, 2024, that plaintiffs had no basis to seek relief against defendant. After the trial court memorialized its decision in a written order, plaintiffs appealed of right.

-1-

## II. LEGAL ANALYSIS

On appeal, plaintiffs claim the trial court erred by awarding defendant summary disposition because a foreclosure sale can be set aside even after expiration of the statutory redemption period if there is a showing of fraud or a substantial irregularity. A trial court's decision on a motion for summary disposition is subject to de novo review. *Meemic Ins Co v Fortson*, 506 Mich 287, 296; 954 NW2d 115 (2020). Summary disposition is proper under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law."[1] A motion under MCR 2.116(C)(10) "tests the *factual sufficiency* of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). When analyzing such a motion, "a trial court must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. "A motion under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. Applying those standards, we conclude that the trial court correctly awarded summary disposition to defendant under MCR 2.116(C)(10).

After a sheriff's sale is completed, a mortgagor may redeem the subject property by paying the prescribed amount within a specified redemption period. MCL 600.3240; *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713; 848 NW2d 482 (2014). Under MCL 600.3236,

> Unless the premises described in such deed shall be redeemed within the time limited for such redemption as hereinafter provided, such deed shall thereupon become operative, and shall vest in the grantee therein named, his heirs or assigns, all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage, or at any time thereafter . . . .

---

[1] Although the trial court also awarded summary disposition under MCR 2.116(C)(5) based on the lack of capacity to sue, the expiration of a statutory redemption period is an event that implicates a plaintiff's standing, not the legal capacity to sue. See *Bryan v JPMorgan Chase Bank*, 304 Mich App 708, 713-715; 848 NW2d 482 (2014). Our Supreme Court has explained that standing and capacity are distinct—even unrelated—legal concepts, and "[o]ur courts are admonished to avoid conflating the two." *Mich Chiropractic Council v Comm'r of Office of Fin & Ins Servs*, 475 Mich 363, 374 n 25; 716 NW2d 561 (2006), overruled in part on other grounds by *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349; 792 NW2d 686 (2010). "Standing generally is the right of the plaintiff initially to invoke the power of the trial court to adjudicate a claimed injury, while capacity to sue concerns whether there is a legal barrier, such as mental incompetency, that deprives a party of the legal ability to bring an action." *Sakorafos v Charter Twp of Lyon*, 349 Mich App 176, 185; 27 NW3d 329 (2023) (citations omitted); see also *Moorhouse v Ambassador Ins Co, Inc*, 147 Mich App 412, 419 n 1; 383 NW2d 219 (1985) ("Lack of 'capacity to sue' refers to some legal disability, such as infancy or mental competency, which deprives a party of the right to come into court. 'Capacity to sue' does not speak to whether the party has a cause of action or not.") (citations omitted). Whereas a challenge to a party's legal capacity to sue is appropriately considered under MCR 2.116(C)(5), a challenge to standing is appropriately considered under MCR 2.116(C)(8) or MCR 2.116(C)(10). *Sakorafos*, 349 Mich App at 185-186. Accordingly, we consider defendant's challenge solely under MCR 2.116(C)(10).

Crucially, if a mortgagor fails to timely exercise the right of redemption, all the mortgagor's rights in and to the property are extinguished. *Bryan*, 304 Mich App at 713.

Plaintiffs contend that *Bryan* establishes "that a foreclosure sale can be set aside even after expiration of the redemption period if there is a showing of fraud or substantial irregularity." But *Bryan* does not say that. Instead, *Bryan* actually states that "[t]he law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity." *Id*. at 714 (quotation marks and citation omitted). Therefore, *Bryan* merely suggests that equity permits *the extension of the statutory redemption period* upon a clear showing of fraud or irregularity. Michigan precedent supports that proposition. See *Shulthies v Barron*, 16 Mich App 246, 247-248; 167 NW2d 784 (1969) ("The law in Michigan does not allow an equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity."). But no decision has gone so far as to establish that equity permits the *revival* of the statutory redemption period. Beyond that, plaintiffs clearly stated in the trial court that they wanted relief even more drastic than revival of the statutory redemption period. As plaintiffs' counsel put it: "[W]e're not asking to revive the redemption period. We're asking for the foreclosure to be set aside entirely." Significantly, no authority cited above even contemplates such drastic relief.

Plaintiffs correctly observe that, in *Sweet Air Investment, Inc v Kenney*, 275 Mich App 492, 503; 739 NW2d 656 (2007), this Court ruled that "an excessive claim for the amount due warrants setting aside a foreclosure sale . . . if it is significantly excessive or in bad faith and an attempt was made to redeem the property." Plaintiffs focus solely on the reference to a claim being "excessive or in bad faith," while entirely ignoring the separate requirement that plaintiffs attempted to redeem the property. Even if plaintiffs' claim of a substantial irregularity were true, "it would not warrant setting aside the foreclosure sale because no effort was made to redeem" the property. *Id*. at 504.

The parties agree that the redemption period expired on July 11, 2024. The parties further agree that plaintiffs filed their complaint on August 15, 2024, which was after the expiration of the redemption period. Therefore, because plaintiffs failed to exercise their right of redemption within the statutory redemption period, their rights in and to the property were extinguished. *Bryan*, 304 Mich App at 713. As a result, plaintiffs lacked standing to challenge the validity of the foreclosure sale of the property, so the trial court did not err by granting defendant summary disposition under MCR 2.116(C)(10).

Affirmed.

/s/ Daniel S. Korobkin
/s/ Christopher P. Yates
/s/ Kathleen A. Feeney