### HOVEY *v.* GRAND TRUNK WESTERN RAILWAY CO.

1. Landlord and Tenant—Title to Crops—Evidence.

   Where plaintiff testified that he was in possession of a farm and had crops growing there, in which a tenant had a share, it cannot be said that there was no evidence that plaintiff had an interest in the crops, although it appeared that his father and mother owned the land and had leased it to the tenant.

2. Pleading—Assignment.

   Where plaintiff acquired an interest in crops by assignment before they were damaged by flooding, it was unnecessary to allege the assignment in an action for the damages.

3. Assignment—Right of Action.

   An assignment of all damages sustained by flooding certain land on a certain date is sufficient to transfer the right of action for the damages sustained by the flooding.

Error to Shiawassee; Smith, J. Submitted November 4, 1903. (Docket No. 80.) Decided December 1, 1903.

Case by Eben Hovey against the Grand Trunk Western Railway Company for damages to crops caused by the obstruction of a watercourse. From a judgment for plaintiff, defendant brings error. Affirmed.

*E. W. Meddaugh* (*L. C. Stanley,* of counsel), for appellant.

*Watson & Chapman,* for appellee.

CARPENTER, J.   In his declaration, plaintiff avers that on July 2, 1902, certain growing crops belonging to him and one Alvin Woodthorp, situated on the west 96 acres of the southwest quarter of section 14, Vernon township, Shiawassee county, were, through defendant's negligence, flooded by water and damaged, and that Woodthorp assigned his claim to plaintiff.   The issue was submitted to a jury, who rendered a verdict in plaintiff's favor. Defendant seeks a reversal of that judgment on the ground that there was no evidence that plaintiff owned an interest in those crops, and that the assignment of Woodthorp was insufficient to transfer his cause of action.

1.  Was there any evidence that plaintiff owned an interest in these crops ?   The testimony proves that the title to the land upon which these crops were raised belonged to the father and mother of plaintiff as long as either should live; that on the death of the survivor it vested in plaintiff; that the father and mother made a lease to Woodthorp, presumably prior to January 1, 1902, under which the latter was to work the farm on shares, and under which he entered into possession.   If this were all that the record showed, the conclusion would follow that the crops belonged to plaintiff's father and mother and Woodthorp.   But this is not all that the record shows. We quote from the plaintiff's testimony :

" *Q.* Who was in possession and occupancy of that farm last spring during the months of June and July, 1902?

"*A.* I was.

"*Q.* Did you have any crops growing there ?

"*A.* I did.   Alvin Woodthorp, tenant, had half share."

Witness then described the damaged crops in detail, referring to them repeatedly as his.

The fact that plaintiff's father and mother owned the

land and leased it did not prevent their transferring the crops to the plaintiff. If his testimony is to be believed—and its credibility was for the jury — we are bound to assume that in some way plaintiff acquired his parents' interest in the growing crops, and acquired it, too, before the crops were damaged by the defendant.

The objection urged by defendant's counsel that there can be no recovery because there was no averment of an assignment to plaintiff from his father and mother is not well taken. According to plaintiff's testimony, he owned an interest in these crops at the time they were damaged. The cause of action was therefore his when it arose. There was therefore no assignment, and consequently no reason for averring it.

2. Was there sufficient evidence of an assignment to plaintiff of the cause of action of Woodthorp? That assignment was in writing, and reads as follows:

"For a valuable consideration, I hereby sell, assign, and set over to Eben Hovey all damage which I sustained on account of flooding on the 2d day of July, 1902, on south side of Grand Trunk Western Railroad, on the west 96 acres of the southwest quarter of section 14, in the township of Vernon, Shiawassee county, Michigan."

It is objected that this assignment is too indefinite to transfer anything; that no right of action is mentioned. We think this objection not well taken. The assignment, though inartificially drawn, clearly shows the intent of the assignor to transfer to plaintiff his right of action for all damages sustained on account of the flooding under consideration.

It results, therefore, that the judgment of the trial court must be affirmed, with costs.

The other Justices concurred.