*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PHILLIPE MARTIN,

        Plaintiff-Appellant,

and

SURGICAL CENTER OF SOUTHFIELD, LLC,
doing business as FOUNTAIN VIEW SURGERY
CENTER,

        Intervening Plaintiff,

v

GEICO GENERAL INSURANCE COMPANY,

        Defendant-Appellee.

UNPUBLISHED
August 17, 2023

No. 362010
Wayne Circuit Court
LC No. 19-001797-NF

Before: REDFORD, P.J., and K. F. KELLY and RICK, JJ.

PER CURIAM.

Plaintiff appeals by leave granted[1] the trial court's order granting defendant's motion in limine to exclude evidence pertaining to claims previously assigned to ISpine, PLLC (ISpine).[2] We vacate and remand for an evidentiary hearing.

## I. FACTUAL BACKGROUND

Plaintiff was injured on December 30, 2015, after he was struck by a vehicle while standing outside his home in Detroit, Michigan. A prior lawsuit for personal protection insurance (PIP) benefits for expenses incurred through May 23, 2018, was previously settled between the parties.

---

[1] *Phillipe Martin v Geico Gen Ins Co*, unpublished order of the Court of Appeals, entered November 18, 2022 (Docket No. 362010).

[2] ISpine was not named as a party in the proceedings below, and does not participate in this appeal.

-1-

On February 7, 2019, plaintiff instituted the present lawsuit, which focuses only on expenses incurred after May 23, 2018. In his complaint, plaintiff alleged that "defendant has denied continued medical, home care services, and other reasonable charges incurred for products, services, and accommodations necessary for the Plaintiff's care, recovery and rehabilitation which have been incurred since May 23, 2018."

This interlocutory appeal primarily focuses on medical expenses incurred by plaintiff in relation to treatment received from ISpine. Relevant to this appeal, defendant filed a motion in limine to exclude evidence pertaining to fees incurred by plaintiff for treatment with ISpine. Defendant stated that the parties intended to go to trial, and that it believed plaintiff might seek to introduce bills for treatment with ISpine as part of his case-in-chief. Defendant explained that plaintiff previously assigned away his right to claim no-fault benefits relating to expenses incurred from his treatment with ISpine. Along with the motion, defendant attached three forms relating to the assignment, executed May 10, 2018, February 20, 2019, and March 12, 2019. Presumably, a separate assignment was executed each time plaintiff treated with ISpine, although such information is not specified in the record. The assignments all stated as follows:

> ASSIGNMENT OF RIGHTS: You are assigned to exclusive, irrevocable rights. Any cause of action that exists in my favor against any insurance company or other person or entity to the extent of your bill for total services, including the exclusive, irrevocable right to receive payment for such services, make demand in my name for payments, and prosecute and receive penalties, interest, court costs, or other legally compensable amounts owned by an insurance company or other person or entity. I, as the patient and or responsible party further agree to cooperate, provide information as needed, and appear as needed, wherever to assist in the prosecution of such claims for benefits upon request. The physician and or facility is also assigned the exclusive, irrevocable right to request and receive from any insurance company or health care plan any and all information and documents pertaining to my policies including a copy of such policy and my information or supporting documentation concerning or touching upon the handling, calculation, processing or payment of any claim.

Defendant argued that plaintiff could not recover for expenses related to ISpine's treatment because he "transferred his right to recoup any no-fault benefits" when he executed an irrevocable assignment to ISpine. Defendant thus argued that evidence regarding ISpine should be excluded as irrelevant under MRE 401 and MRE 402, except for the limited purpose of establishing the nature and extent of his injuries.

In response to the motion, plaintiff argued that ISpine agreed to the revocation and reassignment of the claim, meaning that plaintiff was once again responsible for pursuing PIP benefits against defendant in relation to those claims. Plaintiff stated that Dr. Stefan Pribil, an ISpine employee who performed surgery on him, would be willing to testify that the assignment had been revoked. Additionally, plaintiff argued that ruling on the motion in limine without first taking testimony to confirm that ISpine agreed to the reassignment of the claim would essentially be equivalent to a ruling on a motion for summary disposition, rather than just a ruling on the admissibility of the evidence.

A hearing was held on the motion, and the parties largely argued consistent with their briefs. They also addressed whether the one-year-back rule, MCL 500.3145(1), precluded recovery of benefits in relation to ISpine's treatment of plaintiff. Defendant argued that the claim would likely be barred by the one-year-back rule, whereas plaintiff contended that the claim would relate back to the date of the filing of his lawsuit, meaning that it would be timely under the statute. The trial court ultimately granted the motion, stating:

> The Assignment of Rights indicates that the assignment to iSpine was irrevocable. If the provider wanted to have the Plaintiff go forward with this claim, he wouldn't have offered Plaintiff the Assignment of Benefits, which Plaintiff signed. They're irrevocable and, in addition, along with the response, there was no evidence that indicated that these irrevocable rights were revoked by either party. There is a statement by Plaintiff's attorney that they were revoked. Plaintiff's attorney argues that it's an evidentiary issue and that the owners of iSpine would come forward and testify at trial but this is the—the motion that I have before me and, based on the evidence presented, this—these claims were assigned to iSpine. So, for those reasons, the Court is going to grant Defendant Geico's motion in limine and I'm going to preclude any claims by iSpine PLLC.

The trial court subsequently entered an order granting the motion in limine.

Plaintiff moved for reconsideration, stating that after the order granting the motion in limine had been entered, Dr. Pribil executed an assignment of rights to plaintiff on behalf of ISpine, dated April 1, 2022. Plaintiff argued that the assignment constituted new evidence that did not exist when the motion in limine was granted, and asked the trial court to reconsider its earlier ruling. The trial court declined to do so, and denied the motion for reconsideration. This appeal followed.

## II. ANALYSIS

### A. MOTION TO EXCLUDE EVIDENCE

Plaintiff argues that the trial court abused its discretion by granting the motion in limine. He contends that the claim for benefits previously assigned to ISpine was revoked and reassigned to him. Additionally, plaintiff argues that the assignment relates back to the filing of the complaint and is thus not barred by the one-year-back rule. We agree that the trial court abused its discretion by granting the motion in limine without first taking steps to determine the veracity of plaintiff's assertions that ISpine had agreed to the reassignment of the claim for PIP benefits against defendant. Remand is therefore required.

This Court "review[s] a trial court's decision on a motion in limine for an abuse of discretion." *Bellevue Ventures, Inc v Morang-Kelly Investment, Inc*, 302 Mich App 59, 63; 836 NW2d 898 (2013). "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Elher v Misra*, 499 Mich 11, 21; 878 NW2d 790 (2016) (quotation marks and citations omitted). Decisions regarding whether to admit evidence are also reviewed for an abuse of discretion. *Chmielewski v Xermac, Inc*, 457 Mich 593, 613-614, 580 NW2d 817 (1998). "The admission or exclusion of evidence because of an erroneous

interpretation of law is necessarily an abuse of discretion." *Elher*, 499 Mich at 21. "[A]ny error in the admission or exclusion of evidence will not warrant appellate relief unless refusal to take this action appears . . . inconsistent with substantial justice, or affects a substantial right of the [opposing] party." *Craig v Oakwood Hosp*, 471 Mich 67, 76; 684 NW2d 296 (2004) (quotation marks and citation omitted). This Court reviews "de novo questions of law underlying evidentiary rulings, including the interpretation of statutes and court rules." *Elher*, 499 Mich at 21.

The purpose of a motion in limine is to preclude the admission of evidence at trial. See *Zantop Int'l Airlines, Inc v Eastern Airlines*, 200 Mich App 344, 360; 503 NW2d 915 (1993) ("An order in limine is an instruction not to mention certain facts unless the court's permission is first obtained.") Under MRE 402, "[a]ll relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Michigan, these rules, or other rules adopted by the Supreme Court." Evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Under MRE 403, relevant evidence may nevertheless "be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The no-fault act, MCL 500.3101 *et seq.*, allows injured claimants to either pursue recovery of PIP benefits themselves or assign their right to recovery to a medical provider. *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191, 217 n 40; 895 NW2d 490 (2017). A valid assignment occurs when the assignor "manifest[s] an intent to transfer and must not retain any control or any power of revocation." *Burkhardt v Bailey*, 260 Mich App 636, 655; 680 NW2d 453 (2004) (quotation marks and citations omitted). When an assignment occurs, the assignee "becomes the real party in interest with respect to that cause of action, inasmuch as the assignment vests in the assignee all rights previously held by the assignor." *Cannon Twp v Rockford Pub Sch*, 311 Mich App 403, 412; 875 NW2d 242 (2015). A real party in interest is "vested with the right of action on a given claim, although the beneficial interest may be in another." *Barclae v Zarb (After Remand)*, 300 Mich App 455, 483; 834 NW2d 100 (2013).

In response to defendant's motion in limine, plaintiff stated as follows:

> Plaintiff . . . does not intend to introduce the provider bills regarding any provider who has filed its own lawsuit or has intervened in Martin's cause of action. Any provider that had Martin execute an assignment, have all waived and rescinded/revoked the assignment having released the bill for their services to Martin to prosecute in this cause of action. In each of those cases the provider has taken no action to enforce payment against the defendant and Martin remains fully liable on each of those bills to those providers. Each of those providers will testify that the assignment has been waived or rescinded and/or revoked by the parties to those contracts and the bill returned to Martin for collection in this matter.

> \* \* \*

> The evidentiary admissibility rests on the revocation of the assignments. This is a matter of contract between plaintiff and each of those providers. The fact

that none of these providers have filed suit and have turned their bills over to Martin to collect is evidence of the revocation of those assignments. When those providers testify they will address the issue of the assignment and its revocation as will Martin when he testifies. Based on the record before the court, a decision on this evidentiary issue is premature without the trial testimony of those providers at issue. To grant such a motion would in reality be granting a Motion for Summary Disposition, which is untimely and not properly noticed.

Plaintiff is correct that there is a significant difference between a motion to exclude evidence and a motion for summary disposition. Our review of the record suggests that the court unfortunately did treat the motion in limine as though it was a motion for summary disposition. Rather than recognize that plaintiff was asking for an opportunity to present testimony to prove that his claims against ISpine were admissible, the court instead ruled on the merits of plaintiff's claim by concluding that the original assignment plaintiff executed in favor of ISpine was irrevocable and that plaintiff thus could not pursue PIP benefits from defendant in relation to his treatment by ISpine.

Under MCR 2.119(E)(2), "[w]hen a motion is based on facts not appearing of record, the court may hear the motion on affidavits presented by the parties, or may direct that the motion be heard wholly or partly on oral testimony or deposition." Trial courts may exercise their discretion to decline the opportunity for an evidentiary hearing. *Williams v Williams*, 214 Mich App 391, 399; 542 NW2d 892 (1995). However, doing so here was ill-advised. Plaintiff repeatedly represented that Dr. Pribil would testify that he agreed to the revocation of the original assignment and the reassignment of the claim to plaintiff. The trial court appeared to believe that plaintiff could only present that testimony at trial, and overlooked the fact that it could have ordered a pretrial evidentiary hearing if it so chose. In the process, the court erroneously and prematurely ruled on the merits of plaintiff's claim, as though this were a motion for summary disposition and not simply a motion to exclude evidence. On this record, granting the motion in limine to exclude evidence constituted an abuse of the court's discretion. Plaintiff is entitled to an evidentiary hearing regarding the reassignment of the claim to him from ISpine.

Defendant also raises an argument on appeal regarding the statute of frauds in relation to the reassignment of the claim to plaintiff from ISpine. Citing *Burkhardt*, 260 Mich App at 654-655, defendant argues that any testimony plaintiff might present in support of his claim would ultimately be irrelevant because all assignments must be in writing to be valid. Defendant cited *Burkhardt* in the trial court below, but never actually argued that the statute of frauds prevents plaintiff from presenting testimony about the reassignment of the claim from ISpine. Although this argument was not raised below, and defendant did not raise the claim in a cross-appeal, an appellee may nevertheless make an argument on appeal pertaining to alternative grounds of affirmance. See *Vanslembrouck v Halperin*, 277 Mich App 558, 565; 747 NW2d 311 (2008). (stating that "an appellee is not required to file a cross-appeal to urge an alternative ground for affirming the trial court's order."). Thus, to the extent that the argument can be viewed as an alternative avenue for affirming the trial court's ruling, defendant may raise it for the first time on appeal.

In this instance, the argument lacks merit. Defendant is largely correct that assignments are governed by the statute of frauds. In *Burkhardt*, this Court stated:

There is little case law in this state regarding what elements are necessary to create an assignment. In *Weston v Dowty*, 163 Mich App 238, 242, 414 NW2d 165 (1987), this Court opined "there must be a perfected transaction between the parties which is intended to vest in the assignee a present right in the thing assigned." Further, Michigan's version of the statute of frauds requires that an assignment of "things in action" be "in writing and signed with an authorized signature by the party to be charged with the agreement, contract, or promise . . . ." MCL 566.132(1)(f). Thus, under Michigan law, a written instrument, even if poorly drafted, creates an assignment if it clearly reflects the intent of the assignor to presently transfer "the thing" to the assignee. *Hovey v Grand Trunk W[estern] R Co*, 135 Mich 147, 149, 97 NW 398 (1903). [*Burkhardt*, 260 Mich App at 654-655 (footnote omitted).]

However, defendant cannot defeat the reassignment of the claim at issue from ISpine to plaintiff by raising an argument about the statute of frauds. In *Hill v Gen Motors Acceptance Corp*, 207 Mich App 504, 510; 525 NW2d 905 (1994), this Court opined that "third parties . . . may not assert the statute of frauds in an effort to have [an] agreement declared void." By that same logic, defendant, as a third party to the assignment, cannot assert the statute of frauds in order to have it declared void. But regardless, without an evidentiary hearing regarding the revocation of the assignment, it would be premature for this Court—or the trial court, for that matter—to make a substantive ruling pertaining to the statute of frauds or the broader contractual rights possessed by plaintiff and ISpine.

It would similarly be premature for this Court to make a substantive ruling regarding whether the one-year-back rule bars plaintiff's claim for PIP benefits related to medical services received from ISpine. Plaintiff's argument on this issue is predicated on the April 1, 2022 assignment of the claim, which was first presented to the trial court along with his motion for reconsideration. Since no evidentiary hearing was held in the trial court regarding the timing and nature of the revocation and reassignment of the claim at issue, and plaintiff only presented the April 1 assignment in the motion for reconsideration, we decline to issue a substantive ruling on the merits of the argument at this juncture. We thus reverse the order granting defendant's motion in limine. On remand, the trial court shall hold an evidentiary hearing regarding the reassignment of the claim to plaintiff from ISpine.

## B. MOTION FOR RECONSIDERATION

Plaintiff argues that the trial court abused its discretion by denying his motion for reconsideration. We disagree.

"As a general rule, an issue is not preserved if it is raised for the first time in a motion for reconsideration in the trial court." *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019). Plaintiff filed a motion for reconsideration of the trial court's order granting defendant's motion in limine, presenting evidence of an April 1, 2022 assignment of the claim from ISpine to plaintiff for the first time. Because the substance of plaintiff's argument was raised for the first time in the motion for reconsideration, the issue is unpreserved. "This Court reviews unpreserved claims of error in civil cases for plain error affecting substantial rights." *Ayotte v Dep't of Health & Human Servs*, 337 Mich App 29, 40; 972 NW2d 282 (2021). "To avoid

forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Demski v Petlick*, 309 Mich App 404, 427; 873 NW2d 596 (2015) (quotation marks and citation omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App 1, 9; 761 NW2d 253 (2008).

Under MCR 2.119(F)(3), to prevail on a motion for reconsideration, "[t]he moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error." The trial court has broad discretion to grant or deny a motion for reconsideration. *Al-Maliki v LaGrant*, 286 Mich App 483, 486; 781 NW2d 853 (2009). A trial court will typically deny a motion for reconsideration that merely presents the same issues already ruled upon by the trial court. MCR 2.119(F)(3). Similarly, "a court has full discretion to decline to consider evidence presented with a motion for reconsideration that could have been presented the first time the issue was argued." *Yachcik v Yachcik*, 319 Mich App 24, 42; 900 NW2d 113 (2017) (quotation marks and citation omitted).

Here, plaintiff's motion for reconsideration presented a new piece of evidence, namely a written document indicating that Dr. Pribil had agreed to reassign the claim for benefits from ISpine to plaintiff. Along with this new evidence, plaintiff argued that the reassignment, dated April 1, 2022, related back to the filing of plaintiff's complaint. Since plaintiff's argument focused on the April 1, 2022 assignment, it is arguably a completely new argument raised for the first time in the motion for reconsideration. "A circuit court does not err by declining to consider legal arguments raised for the first time in a motion for reconsideration." *Pierron v Pierron*, 282 Mich App 222, 264; 765 NW2d 345 (2009). Accordingly, plaintiff has not presented a palpable error requiring reconsideration, and the trial court did not err by denying the motion for reconsideration.

## III. CONCLUSION

The trial court abused its discretion by granting the motion in limine to exclude evidence without first allowing plaintiff an opportunity to support his claim with testimony or other evidence. We vacate the order granting defendant's motion in limine and remand for an evidentiary hearing. We do not retain jurisdiction.[3]

/s/ James Robert Redford
/s/ Kirsten Frank Kelly
/s/ Michelle M. Rick

---

[3] This opinion does not in any way direct the trial court to rule one way or another on defendant's motion in limine on remand, nor does it make any determination of any issues related to the one year back rule that any party may raise.